# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OLEN HUDSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1240** |
| **DIAMOND OFFSHORE**<br>**MANAGEMENT COMPANY** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Diamond Offshore Management Company's s Motion for Partial Summary Judgment on Plaintiff's Claims for Denial of Maintenance and Cure and Enhanced and Non-Pecuniary Damages (Doc. 18). For the following reasons, Defendant's Motion is **GRANTED**.

## BACKGROUND

This case arises out of alleged injuries Plaintiff Olen Hudson sustained on October 7, 2023 aboard the M/V Ocean Blackhornet (the "Blackhornet") in connection with his employment with Defendant Diamond Offshore Management Company. Plaintiff claims that he suffered serious injuries to his right knee and other parts of his body when a wooden platform onto which he was stepping broke from underneath him.

In his Complaint, Plaintiff asserts Jones Act negligence, unseaworthiness, and maintenance and cure claims against Defendant. Plaintiff seeks damages for: past, present and future mental and emotional pain and suffering; past, present and future loss of wages, fringe benefits and

wage-earning capacity; past and future physical disability; past, present and future medical expenses; and other special and general damages to be shown at trial. Plaintiff also asserts that should Defendant fail to honor its maintenance and cure obligation, Plaintiff is entitled to attorney's fees, punitive damages, and an additional compensatory award for any acts of negligence on the part of the Defendant which would result in a deterioration of Plaintiff's medical condition.

Defendant now moves for partial summary judgment seeking dismissal of Plaintiff's claims for (1) denial of maintenance and cure, (2) enhanced damages stemming from Defendant's alleged denial of maintenance and cure, and (3) non-pecuniary damages stemming from Defendant's alleged negligence and/or the alleged unseaworthiness of the M/V Ocean Blackhornet. Plaintiff opposes.[1]

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial

---

[1] Doc. 20.
[2] FED. R. CIV. P. 56(c).
[3]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[4] Coleman v. Hous. Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).

burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6]

"In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[7] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

Defendant moves for summary judgment dismissal of Plaintiff's claims for (1) denial of maintenance and cure, (2) enhanced damages stemming from Defendant's alleged denial of maintenance and cure, and (3) non-pecuniary damages stemming from Defendant's alleged negligence and/or the alleged unseaworthiness of the M/V Ocean Blackhornet.

---

[5] Engstrom v. First Nat'l Bank, 47 F.3d 1459, 1462 (5th Cir. 1995).

[6] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

[7] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[8] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[9] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

### 1. *Maintenance and Cure & Enhanced Damages Stemming from Defendant's Alleged Denial of Maintenance and Cure*

Defendant argues that Plaintiff's claim for denial of maintenance and cure fails because Plaintiff has not been denied maintenance and cure. Plaintiff concedes that there is no outstanding claim for maintenance and cure, but requests that dismissal be without prejudice "his punitive damage claim as they relate to maintenance and cure, so long as he is able to reassert claims for such damages at a later date, should there be disputes as to approval and continuation of maintenance and cure."[10]

The Court finds that because Plaintiff's argument is without merit, the claim shall be dismissed with prejudice. Because "[a] seaman's right to maintenance and cure may sometimes require the filing of successive suits,"[11] such a dismissal will not bar Plaintiff from bringing a maintenance and cure claim against Defendant "*in the event that* maintenance and cure becomes an issue or there are any disputes in medical treatment during the course of this case or until Plaintiff reaches maximum medical improvement."[12]

### 2. *Non-pecuniary Damages*

Defendant argues that Plaintiff is not entitled to non-pecuniary damages for "past, present, and future physical, mental and emotional pain and suffering" in connection with his claims for Jones Act negligence and unseaworthiness under general maritime law because such damages are unavailable under these regimes.[13] Plaintiff opposes, arguing that damages for

---

[10] Doc. 20 at 1.

[11] Pelotto v. L&N Towing Co., 604 F.2d 396, 398 (5th Cir. 1979).

[12] *Id.*; *see* 1 M. NORRIS, THE LAW OF SEAMAN 564, at 637 n.19 (2d ed. 1962) ("Because of the continuing nature of the shipowner's obligation to furnish maintenance and cure a previous award cannot be regarded as res judicata.")

[13] In their filings, each party addresses "loss of enjoyment of life" in their respective arguments about what qualifies as a pecuniary or non-pecuniary loss, but the Court notes that Plaintiff did not seek relief for such damages in his Complaint.

such non-physical injuries are considered pecuniary damages in traditional maritime cases.

"Nonpecuniary damages are those that are 'incapable of being defined by any recognized measure of value,' such as damages for loss of society or damages for grief or mental anguish."[14] The Fifth Circuit has "confirmed that, under both the Jones Act and general maritime law, a seaman's damages for personal injury are limited to pecuniary losses."[15] "Other sections of this court have since routinely followed [the Fifth Circuit's reasoning in] *McBride v. Estis Well Service, L.L.C.* . . . to exclude nonpecuniary damages such as loss of enjoyment of life and mental anguish, and punitive damages and loss of consortium."[16] Nevertheless, "[t]he Court is aware of no controlling case precluding a Jones Act seaman from recovering damages for pain and suffering on the basis that pain and suffering damages are non-pecuniary. In fact, the Fifth Circuit classifies pain and suffering damages claims as recoverable."[17]

The Court therefore finds that Plaintiff is not entitled to damages for past, present and future *mental* and *emotional* pain and suffering or other such nonpecuniary damages. Because damages for past, present and future *physical* pain and suffering are pecuniary, they are not to be precluded here.[18] Consequently, Defendant's Motion for partial summary judgment on nonpecuniary damages is granted, and Plaintiff's claims for non-physical injuries including past, present and future mental and emotional pain and

---

[14] Lewis v. Noble Drilling Servs., Inc., N. 15-1018, 2016 WL 3902597, at *3 (E.D. La. July 19, 2016) (quoting McBride v. Estis Well Serv., L.L.C., 768 F.3d 382, 386 (5th Cir. 2014) (en banc)).

[15] Sanders v. Weeks Marine, Inc., No. CV 23-7317, 2024 WL 4346515, at *3 (E.D. La. Sept. 30, 2024) (Ashe, J.) (citing *McBride*, 768 F. 3d at 389).

[16] *Id.*

[17] Vaughn v. American Commercial Barge Line, LLC, 672 F. Supp. 3d 184, 191 (E.D. La. May 12, 2023) (Barbier, J.).

[18] *See id.* at 192 (holding that pain and suffering are pecuniary damages not subject to summary judgment dismissal); see also *Sanders*, 2024 WL 4346515, at *3.

suffering and any other nonpecuniary damages shall be dismissed with prejudice.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendant Diamond Offshore Management Company's Motion for Partial Summary Judgment on Plaintiff's Claims for Denial of Maintenance and Cure and Enhanced and Non-Pecuniary Damages is **GRANTED**.

**IT IS ORDERED** that Defendant's motion for partial summary judgment on certain nonpecuniary damages is **GRANTED**, and Plaintiff's claims for past, present and future mental and emotional suffering, and any other nonpecuniary damages are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's motion for partial summary judgment on maintenance and cure is **GRANTED**, and Plaintiff's maintenance and cure claim and any claim for related enhanced damages are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 15th day of May, 2025.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**