UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OLEN HUDSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1240** |
| **DIAMOND OFFSHORE MANAGEMENT COMPANY** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Alter or Amend Judgment (Doc. 26). For the following reasons, Plaintiff's Motion is **GRANTED**.

### BACKGROUND

This case arises out of alleged injuries Plaintiff Olen Hudson sustained on October 7, 2023 aboard the *M/V Ocean Blackhornet* in connection with his employment with Defendant Diamond Offshore Management Company. Plaintiff claims that he suffered serious injuries to his right knee and other parts of his body when a wooden platform onto which he was stepping broke from underneath him.

In his Complaint, Plaintiff asserts Jones Act negligence, unseaworthiness, and maintenance and cure claims against Defendant. As a direct result of the Defendant's negligence and the Blackhornet's unseaworthiness, Plaintiff seeks damages for, *inter alia*, "[p]ast, present and future physical, mental and emotional pain and suffering."[1]

---
[1] Doc. 1 at 3.

On January 10, 2025, Defendant filed a Motion for Partial Summary Judgment seeking dismissal of Plaintiff's claims for "non-pecuniary damages from Defendant's alleged negligence and/or the alleged unseaworthiness of the *M/V Ocean Blackhornet*."[2] On May 16, 2025, this Court granted Defendant's Motion for Partial Summary Judgment, finding "that Plaintiff is not entitled to damages for past, present, and future *mental* and *emotional* pain and suffering or other nonpecuniary damages."[3]

Now before the Court is Plaintiff's Motion to Alter or Amend Judgment wherein, he asks that this Court to reconsider its ruling on Defendant's Motion for Partial Summary Judgment regarding his ability to seek mental and emotional pain and suffering damages. Defendant opposes.[4]

## **LEGAL STANDARD**

A Motion for Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), which states that: "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[5] "'[T]he power to reconsider or modify interlocutory rulings is committed to the

---

[2] Doc. 18 at 1.
[3] Doc. 22 at 5.
[4] Doc. 33.
[5] Austin v. Kroger Texas, L.P., No. 16-10502, 2017 WL 1379453, at *9 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).

discretion of the district court, and that discretion is not cabined by the heightened standards for reconsideration' governing final orders.'"[6]

## LAW AND ANALYSIS

Upon reviewing the relevant case law, it appears that mental anguish and/or emotional suffering has been deemed "nonpecuniary" when it manifests in a decedent's family member filing a seaman's wrongful death action[7] or an individual whom is not directly injured as a result of a vessel's negligence and/or unseaworthiness.[8] Considering this, in its previous Order, the Court erroneously applied the laws that govern these purely emotional damage claims in Jones Act cases or mental anguish claims of a decedent in a seaman's wrongful death action to Plaintiff's personal injury case.[9] But guidance from the Fifth Circuit and other sections of this Court do not support that conclusion.[10]

"[A] Jones Act seaman suing for personal injury may only recover pecuniary damages."[11] "[D]amages for pain and suffering are properly categorized as pecuniary damages."[12] Therefore, "[d]amages for pain and

---

[6] *Id.* (quoting *Saint Annes Dev. Co. v. Trabich*, 443 Fed.Appx. 829, 831–32 (4th Cir. 2011).
[7] *See* In re Denet Towing Serv., Inc., No. CIV. A. 98-1523, 1999 WL 329698, at *8 (E.D. La. May 21, 1999) (finding that "[a] claim for grief and menal anguish is not allowed under general maritime law" in a wrongful death action brought by decedent's children.)
[8] *See* Gaston v. Flowers Transp., 866 F.2d 816 (5th Cir.1989) (finding that brother of deceased seaman could not claim damages for the post-traumatic stress caused by witnessing his brother's death without significant injury or impact on his person).
[9] Neither party avers that Plaintiff was not directly impacted by the events that
[10] Also, Defendant does not argue that Plaintiff was not seriously injured on the *M/V Blackhornet* on October 7, 2023.
[11] Matter of Adriatic Marine, LLC, No. CV 20-1488, 2022 WL 1239950, at *2 (E.D. La. Apr. 27, 2022).
[12] Vaughn v. American Commercial Barge Line, LLC, 672 F. Supp at 192 (E.D. La. May 12, 2023) (Barbier, J.).

3

suffering may be awarded to a seaman who is injured due to the unseaworthiness of the vessel."[13]

"Courts have long allowed plaintiffs to recover for psychic and emotional harm in . . . Jones Act/maritime cases."[14] "Indeed, [the Jones Act was] intended to provide broad coverage for all work-related 'injuries,' whether characterized as mental or physical."[15] Plaintiff cites *Matter of Lasala*, where another section of this Court stated that, "'[a]n award for pain and suffering may include a sum for mental anguish and physical discomfort, and for the mental and physical effects of the injury on the plaintiff's ability to engage in those activities which normally contribute to the enjoyment of life.'"[16] As Plaintiff highlights in his Motion, in *Kiwia v. M/V OSLO BULK*, this Court awarded general damages that included mental anguish because the plaintiff's injuries caused "pain and suffering and impact[ed his] normal life routines."[17]

Further, in personal injury cases, "[b]eyond question, purely emotional injuries will be compensated when maritime plaintiffs satisfy the 'physical injury or impact rule.'"[18] "Either a physical injury or physical impact has traditionally been required."[19] To be sure, "[o]ther sections of this court have since routinely followed [the Fifth Circuit's reasoning in] *McBride v. Estis Well Service, L.L.C.* . . . to exclude nonpecuniary damages such as loss of enjoyment

---

[13] Dunn v. Marquette Transportation Co., LLC, No. CV 16-13545, 2017 WL 3887521, at *12 (E.D. La. Sept. 6, 2017), aff'd sub nom. Dunn v. Marquette Transportation Co., L.L.C., 744 F. App'x 888 (5th Cir. 2018) (quoting *Sosa v. M/V Lago Izabal,* 736 F.2d 1028, 1034 (5th Cir. 1984).
[14] Hagerty v. L & L Marine Servs., Inc., 788 F.2d 315, 318 (5th Cir. 1986).
[15] *Id.*
[16] Matter of Lasala, 644 F. Supp. 3d 245, 275 (E.D. La. 2022) (quoting Associated Terminals of St. Bernard, LLC v. Potential Shipping HK Co., 324 F. Supp. 3d 808, 825 (E.D. La. 2018)).
[17] No. 20-96, Doc. 52 at 21 (quoting Barto v. Shore Const., L.L.C., 801 F.3d 465, 473 (5th Cir. 2015)).
[18] Gough v. Nat. Gas Pipeline Co. of Am., 996 F.2d 763, 765 (5th Cir. 1993).
[19] *Id.*

of life and mental anguish, and punitive damages and loss of consortium."[20] Importantly, the applications in these cases appear to be borrowed from wrongful death actions, even if the cases may be about personal injury.[21]

"[A]ny amount awarded for pain and suffering depends to a great extent on the trial court's observation of the plaintiff and its subjective determination of the amount needed to achieve full compensation."[22] "Each award for pain and suffering depends heavily on its own facts."[23] Here, Plaintiff attached the report from his February 18, 2025 Psychiatric/Sleep Evaluation that state, in relevant part: "In addition to chronic knee pain, Mr. Olen reports emotional issues since the accident. He developed issues with depression and irritability. He notes feeling 'worthless'… 'like I'll never get back to normal.'"[24] The report also concludes that, "Mr. Hudson displays symptoms consistent with depression meeting the criterial for Major Depressive Disorder (Adjustment Disorder with Depressed Mood)."[25] As such, it appears that Plaintiff has substantial evidence that may compel a factfinder to conclude that he is owed pecuniary damages for his emotional and mental pain and suffering as a result of his injuries.

Considering the above, the Court finds that Plaintiff's emotional and mental pain and suffering claims are pecuniary. As such, Plaintiff may recover for past, present, and future pain and suffering in relation to his injuries,

---

[20] Sanders v. Weeks Marine, Inc., No. CV 23-7317, 2024 WL 4346515, at *3 (E.D. La. Sept. 30, 2024) (Ashe, J.) (citing McBride v. Estis Well Serv., L.L.C., 768 F.3d 382, 389 (5th Cir. 2014)).
[21] *See id.* (a personal injury case applying language from both *McBride* and *Lewis* which are both cases involving mental anguish claims for plaintiffs in wrongful death cases).
[22] Associated Terminals of St. Bernard, LLC, 324 F. Supp. 3d at 825 (quoting Hyde v. Chevron U.S.A., Inc., 697 F.2d 614, 632 (5th Cir. 1983)).
[23] *Id.* (quoting Hernandez v. M/V Rajaan, 841 F.2d 582, 590 (5th Cir.), opinion corrected on denial of reh'g, 848 F.2d 498 (5th Cir. 1988)).
[24] Doc. 26-2 at 2.
[25] *Id.* at 4.

regardless of whether this pain and suffering is physical, emotional, or mental. Accordingly, Defendant shall not be granted summary judgment regarding Plaintiff's past, present and future mental and emotional suffering claims.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **GRANTED**.

**IT IS ORDERED** that this Court's previous dismissal of Plaintiff's claims for past, present and future mental and emotional suffering is **VACATED**.[26]

New Orleans, Louisiana this 20th day of August, 2025.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[26] Doc. 22 at 6.